IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-126-BO

| | |
|---|---|
| JIMMY L. PARKER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 25 & 27]. A hearing on this matter was held in Elizabeth City, North Carolina on May 30, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, this matter is REMANDED for further development of the record consistent with this Order.

## BACKGROUND

In June, 2008, the plaintiff filed for supplemental security income benefits. This application was denied initially and upon reconsideration. The plaintiff requested an administrative hearing and one was held on November 23, 2010. On January 21, 2011, the ALJ released a decision finding the plaintiff not disabled. The plaintiff requested review by the Appeals council, but that request was denied on May 7, 2012 making the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

The plaintiff was 35 years old at the time he applied for benefits. The plaintiff allegedly suffered from sarcoidosis, depression, asthma, migraine headaches, and glaucoma. [Tr. 13]. Mr. Parker underwent an evaluation in July, 2008 that revealed a GAF score of 35. Later that year, he was diagnosed with moderate depression. At some point in 2010, the claimant was diagnosed with sarcoidosis after suffering an upper respiratory infection. In addition to these diagnosed ailments, the plaintiff also suffers from back pain. The cumulative effect of the plaintiff's conditions is that he is often in considerable pain.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the

claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by finding that the claimant was not disabled without first soliciting the testimony of a vocational expert. Because the administrative hearing process places the ALJ in a remedial position, and not an adversarial one, he is under a heightened duty to investigate all the material evidence bearing on the claimant's condition. In cases, such as this one, where there are significant non-exertional impairments, the testimony of a Vocational Expert is normally required. *McLain v. Schweiker*, 715 F.2d 866, 870 n.1 (4th Cir. 1983). Further, the ALJ should not rely on the "grids" to find a claimant not disabled if the claim of disability involves primarily nonexertional limitations. *Id.* Mr. Parker suffered from sarcoidosis, depression, asthma, migraine headaches, and glaucoma – all conditions that may result in significant nonexertional limitations. As such, ALJ Hunt's reliance on the grids and failure to solicit the testimony of a vocational expert was in error. Therefore, this Court properly remands this matter for further development of the evidentiary record and a new hearing.

3

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and this matter is REMANDED to the agency for further development of the record and a hearing consistent with this Order. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for a new hearing.

SO ORDERED.

This 13 day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE